IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PHILIP PANCARI, M.D.,** | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| v. | : | |
| | : | |
| **FOX CHASE CANCER CENTER, and** | : | No. 20-1844 |
| **FOX CHASE CANCER CENTER** | : | |
| **MEDICAL GROUP, INC.,** | : | |
| *Defendants.* | : | |

## MEMORANDUM

**I.   INTRODUCTION**

Plaintiff, Philip Pancari, M.D., brings this civil action for advancement, indemnification, and declaratory judgment against his former employer, Defendants Fox Chase Cancer Center and Fox Chase Center Medical Group, Inc. (collectively, "Fox" or "Defendants"). ECF No. 1 at 1.  Plaintiff claims Defendants refused to pay for and indemnify Plaintiff for his reasonable expenses incurred in relation to a separate matter in this Court, *Patricia Kropf, MD v. Temple University Health System, et al.*, Civil Action Number 2:19-cv-971-CFK (the "Kropf Matter"). *Id*.  Therefore, because "(1) Fox has refused to provide Plaintiff with a copy of its bylaws; (2) Plaintiff is threatened with litigation in the Kropf Matter due to a document he created at the behest of his supervisors at Fox; and (3) because Plaintiff is threatened with litigation, Fox is statutorily mandated to indemnify Plaintiff for his costs related to the Kropf Matter pursuant to 15 Pa.

1

C.S.A. § 5741," Plaintiff filed the instant case. *Id.* Plaintiff is not a named defendant in the Kropf Matter, but he alleges that his defense "would potentially cost [] hundreds of thousands of dollars." *Id.* at 3.

Currently before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (ECF No. 9), Plaintiff's Response in Opposition to the Motion (ECF No. 13), and Defendants' Reply (ECF No. 14). The matter is fully briefed for consideration.

## II.     BACKGROUND[1]

The Original Complaint in the Kropf Matter was filed on March 7, 2019 and the Amended Complaint was filed April 3, 2019. ECF No. 1 at 2. The named defendants in the Kropf Matter are Temple University Health System, Fox Chase Cancer Center, Fox Chase Cancer Center Medical Group, Inc., Henry Fung, M.D., Michael Dugan, and John/Jane Doe. *Id.* A count for defamation is the only count against the John/Jane Doe defendant. *Id.* at 3. Plaintiff believes that he could be the John/Jane Doe in the Kropf Matter.[2] *Id.* at 5.

The parties have been conducting depositions of certain doctors who worked with the plaintiff in the Kropf Matter. *Id.* at 3. Once Plaintiff's deposition was

---

[1] All facts are taken from Plaintiff's Complaint. *See* ECF No. 1.
[2] For informational purposes only, on June 17, 2020, this Court signed a stipulation between the parties in the Kropf Matter that dismissed any claims against the John/Jane Doe defendant. *See* Civil Action Number 2:19-cv-971-CFK at ECF No. 45.

2

scheduled, he retained counsel because "1) the Kropf Matter has threatened him with litigation and 2) counsel currently representing the defendants in the Kropf Matter has a conflict of interest in representing Plaintiff." *Id*.

At the direction of Kropf Matter defendant Henry Fung, Plaintiff prepared "a document memorializing notes Plaintiff had about Kropf's improper behavior during work." *Id*. at 4.  Plaintiff's notes "address Kropf's poor work attendance, inappropriate behavior at work, nastiness toward other employees, and general poor work ethic." *Id*.  The Kropf complaint alleges that Henry Fung "was the bad actor and his conduct was the catalyst that caused Kropf to resign." *Id*. Additionally, the Kropf complaint alleges that "Plaintiff denied making certain accusations about Kropf." *Id*.  Plaintiff alleges that his notes "do not align with Kropf's statements in her complaint about Plaintiff." *Id*.  Plaintiff anticipates that "[i]t is likely that these notes by Plaintiff would be used by Kropf to allege that Plaintiff's notes defamed Kropf and helped lead to her alleged forced resignation" because "the alleged false statements identified by Kropf are almost verbatim with the notes Plaintiff made concerning Kropf." *Id*. at 4-5.

Next, Plaintiff alleges that defense counsel in the Kropf Matter has a conflict of interest because he "cannot adequately represent Plaintiff's interests if he is alleging that he was directed by a defendant to create the notes at issue." *Id*. at 5.

Lastly, Plaintiff alleges that the Defendants' failure to provide him with a copy of its bylaws forced him to file his advancement and indemnification claims. *Id*. at 6-8.

At the outset, Defendants move to dismiss Plaintiff's Complaint "because the amount in controversy does not reach the jurisdictional requirements." ECF No. 9 at 1.  The Court agrees.  Therefore, the Court will not address Defendants' motion pursuant to Fed. R. Civ. P. 12(b)(6).

## III. DISCUSSION

### A. Standard of Review

When a defendant submits a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, a court must determine whether the motion is a "facial" or "factual" attack.  A facial attack considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court. *See Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). "[A] facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.,* construing the alleged facts in favor of the nonmoving party." *Id*.  As such, a facial attack "contests the sufficiency of the pleadings." *Id*. (quoting *In re Schering Plough Corp.*, 678 F.3d 235, 243 (3d Cir. 2012)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 557). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786-87 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

A factual attack "is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Constitution Party of Pa.* 757 F.3d at 358. A factual attack requires a factual dispute that "concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites." *Id.* (alterations in original) (internal citations omitted) (quoting *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008)).

The plaintiff bears the burden of demonstrating that the court has subject matter jurisdiction. *See Schneller ex. rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010) (citing *Packard v. Provident Nat'l Bank*, 994

F.2d 1039, 1045 (3d Cir. 1993)). Here, Defendants assert a facial attack and the Court accepts as true all of the factual allegations contained in the Complaint and construes them in favor of Plaintiff. Plaintiff attempts to mold this as a factual dispute, posturing the factual dispute as to whether or not factually there is a "threat of litigation." For purposes of this analysis, the Court accepts the allegation that there is a threat of litigation as part of its "context-specific task" to evaluate the alleged facts in the Complaint in its entirety.

### B. Amount in Controversy

Plaintiff invokes diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1 at 2. Federal courts have jurisdiction over civil actions where the parties are of diverse citizenship and the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). The party invoking jurisdiction under § 1332 bears the burden of proving that the amount in controversy exceeds $75,000. *See Auto-Owners Ins. Co. v. Stevens & Ricci Inc.,* 835 F.3d 388, 395 (3d Cir. 2016).

Defendants do not dispute that the parties are diverse. Rather, Defendants maintain that "the Court does not have subject matter jurisdiction over [Plaintiff's] claims because they do not meet the monetary threshold necessary to confer jurisdiction." ECF No. 9-1 at 5. In determining whether the monetary threshold has been met, Defendants argue, "in a declaratory judgment action, courts are to look at the value of what the plaintiff seeks 'to have declared free from doubt' […]

and "[s]peculation that a claim will exceed the jurisdictional threshold is not enough to confer federal jurisdiction." *Id*. at 9.

Plaintiff responds in opposition that there "are material facts that concern the $75,000 threshold for subject matter jurisdiction," and argues that the Court cannot make a pretrial ruling on jurisdictional facts. ECF No. 13 at 5. However, according to Plaintiff, if the Court were to make factual determinations at this stage, then a preponderance of the evidence standard should govern. *See id*.

Next, Plaintiff argues that "[e]ven under the higher 'legal certainty' standard […] Defendants could not have determined 'to a legal certainty' that the amount in controversy is less than $75,000 because they base their argument on the 'no threat of litigation' and indemnification theories." ECF No. 13 at 6.

Lastly, Plaintiff points to Defendants' failure to offer "[any] evidence or argument as to how or why Plaintiff would not incur costs and fees in excess of $75,000 to defend the Kropf Matter and how or why he would not have a judgment against him should he be named as defendant in the Kropf Matter and Dr. Kropf is successful at trial." *Id.* at 6.

When reviewing a complaint, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Auto–Owners Ins. Co.,* 835 F.3d at 395 (quoting *St. Paul Mercury Indem. Co. v.*

*Red Cab Co.*, 303 U.S. 283, 288–89 (1938)).  "Accordingly, the question whether a plaintiff's claims pass the 'legal certainty' standard is a threshold matter that should involve the court in only minimal scrutiny of the plaintiff's claims." *Id*. (quoting *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997)).

The court assesses the amount in controversy at the time the complaint was filed. *Id*. (citing *Suber* 104 F.3d at 583); *see also Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 152 (3d Cir. 2009) ("[U]nder a long-standing rule, federal diversity jurisdiction is generally determined based on the circumstances prevailing at the time the suit was filed.").  Subsequent events may not increase the amount in controversy such that the court gains jurisdiction that it did not previously possess. *See Auto–Owners Ins. Co.,* 835 F.3d at 395-96.  Similarly, speculation that a claim may, at some point, exceed the requisite amount is insufficient to confer jurisdiction. *Id*.  Therefore, because the Court is not making factual determinations, rather the Court is accepting Plaintiff's factual allegations as true, the Court assesses whether the amount in controversy was satisfied on April 9, 2020, the date Plaintiff filed his Complaint.

Here, Plaintiff does not state an exact sum.  In his Complaint, Plaintiff submits that he *will* satisfy the amount in controversy because: (1) "[t]o defend such an action to completion **would potentially** cost Plaintiff hundreds of thousands of dollars" and (2) "**if** Plaintiff **would be** named as a defendant in the

8

Kropf Matter, he *would be* liable for any judgment entered in favor of Kropf, which *would likely be* greater than $75,000.00." ECF No. 1 at 3-4 (emphasis added).  On its face, nothing Plaintiff alleges in his Complaint, which he argues confers jurisdiction, had occurred at the time Plaintiff filed.

Plaintiff's language is telling and entirely anticipatory.  Satisfying the amount in controversy depends on the speculation that Plaintiff will, at some time in the future, be added as a defendant in the Kropf Matter, thus potentially incurring significant legal fees, and/or a jury finding in favor of the Kropf Matter plaintiff and against Plaintiff as a Kropf Matter defendant.  Because Plaintiff meeting the amount in controversy threshold hinges on several events that may or may not occur, this Court cannot exercise jurisdiction.

The only cognizable sums expended as of the date of filing that are in controversy are the legal fees and costs for the preparation of the anticipated deposition of Plaintiff.  All other sums put forth as a basis to meet the jurisdictional threshold are based on legal fees and costs associated with the perceived and speculated threat of litigation and efforts to have Defendants agree to pay for what has not yet occurred, and may never occur, that is Plaintiff actually being sued.

Plaintiff's Complaint asks the Court to include in the amount in controversy what is tantamount to a theoretical sum based on and founded upon the Plaintiff calling upon the Court to embark upon what may be in the end a theoretical

analysis of what is not yet a case or controversy and may never become a case or controversy if the speculative threat of litigation against Plaintiff never materializes into a reality. In other words, the Court cannot declare the rights of these litigants without violating its limited jurisdiction under Article III of the Constitution. *See Calderon v. Ashmus*, 523 U.S. 740 (1998); *see also Wayne Land & Mineral Grp. LLC v. Del. River Basin Comm'n*, 894 F.3d 509 (3d Cir. 2018).

At the time Plaintiff filed his Complaint, the only case or controversy brought before this Court is simply who should pay for the retained counsel's costs and fees for the representation of Plaintiff at his deposition. When drawing on its "judicial experience and common sense," it appears to a legal certainty, under minimal scrutiny, the sum Plaintiff pleads in the extant case is plausibly less than $75,000. There is no doubt the sums claimed by a plaintiff control if the claim is made in good faith. Here, however, the sums claimed only reach the jurisdictional amount if the Court were to bootstrap the amounts from those matters Plaintiff anticipates and over which this Court does not have jurisdiction. Therefore, it does appear to a legal certainty that Plaintiff's claim is for less than the jurisdictional amount to justify dismissal.

## IV.   CONCLUSION

For the foregoing reasons, the Court is without jurisdiction to hear this matter and must dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1).

Accordingly, Defendants' Motion to Dismiss is granted and Plaintiff's Complaint is dismissed against all Defendants.

**BY THE COURT:**

**Dated:** June 30, 2020

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**